437 So.2d 1 (1983)
Vincent CURLEE
v.
STATE of Mississippi.
No. 54322.
Supreme Court of Mississippi.
September 14, 1983.
Rebecca Coleman Phipps, Coleman & Phipps, Corinth, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
Before BROOM, DAN M. LEE and PRATHER, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Alcorn County wherein the appellant, Vincent Curlee, attempted to represent himself, was furnished assistance of counsel and was found guilty of kidnapping, armed robbery and simple assault. Curlee was sentenced to two consecutive life sentences and twenty years. We affirm.
Curlee was charged with abducting Mrs. Rosa Lee Lawson from a shopping center parking lot in Alcorn County, Mississippi on December 26, 1981. Mrs. Lawson's testimony was that when she returned to her car from shopping, Curlee got into the back seat, pulled a gun on her and told her to drive him to the city park. Once at the park he began to assault her and ordered that she surrender her money, watch and rings. Curlee then demanded that Mrs. Lawson remove her clothes, which she refused to do. Upon her refusal to undress, Curlee directed her to drive him to the city cemetery. Curlee got out of the car at the cemetery and Mrs. Lawson drove by her home and then to the city police department. The police arrested Curlee a short time later that evening. In the house where he was arrested, two rings and a small handgun were recovered. Mrs. Lawson subsequently identified Curlee as the assailant, and the rings, as the ones which he had taken from her. Curlee later admitted the entire incident, and signed a written confession.
On May 3, 1982, the Alcorn County Grand Jury returned an indictment against Curlee charging him with kidnapping, aggravated assault and armed robbery. Curlee filed an affidavit of indigency and was provided counsel on May 4, 1982. On the same day through his appointed counsel, the Hon. Phil Hinton, Curlee filed a waiver of arraignment and entry of a plea of not guilty. The record reflects that two days later, on May 6, 1982, a proceeding was had in the circuit court wherein it was determined that Curlee would be allowed to proceed pro se, although court-appointed counsel would remain at the counsel table with him throughout the trial. That proceeding began as an attempt by Mr. Hinton to withdraw a plea of not guilty and enter a plea of guilty. The judge began to question Curlee on the voluntariness of the guilty plea when Curlee stated he would enter a plea of "no-contendory". There was then a conference between Curlee and Hinton, after which Hinton requested that they proceed with the change of plea. Thereupon, the judge began to repeat his questioning concerning the voluntariness of the plea. Curlee responded by asking that Hinton be *2 "removed from my case for insufficient counsel." There was no further attempt to change the plea and a special venire was then drawn.
Following the drawing of the special venire, the judge began to question Curlee concerning his request that Hinton be removed as counsel. Curlee replied that he did not want a lawyer but instead wished to have Jimmie Kimbrell, a non-lawyer and fellow inmate awaiting trial, appointed as "legal adviser." The judge denied Curlee's request to be advised by Kimbrell and continued questioning him concerning his ability to represent himself. The judge asked Curlee about his age, education, employment, training, and experience with the legal system. Upon the completion of the questioning the judge ruled that Curlee would be allowed to represent himself but the judge also ordered that Mr. Hinton remain at the counsel table with Curlee throughout the course of the trial. This was done so that Curlee might have available the professional advice of an attorney should he decide to avail himself of it and Hinton did submit two jury instructions on Curlee's behalf. At the close of the trial the jury found Curlee guilty and the judge sentenced him to two life sentences and a twenty year sentence to run consecutively. Curlee now appeals and assigns as error the trial court's allowing him to proceed pro se.
This case is analogous to Matthews v. State, 394 So.2d 304 (Miss. 1981), wherein this Court said:
An accused could place the trial judge in a difficult situation by insisting on a pro se trial, and, upon conviction, claim that he/she did not have the benefit of counsel and did not knowingly waive counsel. Again, if the court refused to permit an accused to represent himself/herself, and required him/her to have counsel present the case, the accused could contend that he was denied his/her constitutional right in not being permitted to present his/her defense pro se. In such delicate situations, the question of counsel waiver must be determined on the facts of each case. In the case sub judice, the attorneys appointed for the appellants were required to remain in the courtroom within a few feet of the appellants during the four days of trial and were present, ready, willing and able to advise, counsel and assist the appellants. In fact, Matthews did call upon her appointed attorney at times for advice. We are of the opinion that the trial judge who observed and talked with Matthews prior to trial and for four days during the trial, was in the best position to know whether or not she executed a knowledgeable waiver of counsel and was mentally competent to do so and that he did not err in overruling the motion for a new trial.
394 So.2d at 311.
In the case sub judice, as in Matthews, the trial judge ordered that an experienced attorney remain with the defendant throughout the course of the trial. Curlee had every opportunity to avail himself of lawyer Hinton's skills and services. Indeed Hinton submitted the only jury instructions offered by the defense. The trial judge was in the best position to determine whether Curlee had made a knowing and intelligent waiver of his right to counsel. Because the record does not reflect a clear abuse of discretion on the part of the trial judge and indeed shows his wisdom in ordering Hinton to remain at Curlee's side, we affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.